UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LENNAR CORPORATION, a Florida
corporation, LENNAR HOMES, LLC f/k/a
LENNAR HOMES, INC., a Florida limited          Case No:
liability company and U.S. HOME
CORPORATION, a Delaware corporation,

   Plaintiff,
v.

NAUTILUS INSURANCE COMPANY,
an Arizona corporation,

   Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Plaintiffs, LENNAR CORPORATION, LENNAR HOMES, LLC f/k/a LENNAR HOMES, INC., and U.S. HOME CORPORATION (collectively, "LENNAR"), hereby sue NAUTILUS INSURANCE COMPANY ("NAUTILUS") and allege as follows:

### GENERAL ALLEGATIONS

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§2201 and 2202, and for damages in excess of $75,000, exclusive of attorney's fees, costs, and interest.

### Parties

2. LENNAR CORPORATION is a Florida corporation authorized to do and doing business in the State of Florida with its principal place of business in Miami-Dade County, Florida.

3. LENNAR HOMES, LLC is a Florida limited liability company authorized to do and doing business in the State of Florida with its principal place of business in Miami-Dade County.

4. U.S. HOME CORPORATION is a Delaware corporation authorized to do and doing business in the State of Florida with its principal place of business in Miami-Dade County, Florida.

5. NAUTILUS is an Arizona corporation authorized to do and doing business in Miami-Dade County, Florida with its principal place of business in Scottsdale, Arizona.

6. At all times material hereto, LENNAR CORPORATION, LENNAR HOMES, LLC and U.S. HOME CORPORATION were citizens of the State of Florida. At all times material hereto NAUTILUS was a citizen of the State of Arizona.

### Jurisdiction and Venue

7. This Court has jurisdiction over LENNAR's complaint pursuant to 29 U.S.C. §1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

8. Venue is proper in the United States District Court for the Southern District of Florida, Miami Division because NAUTILUS resides there and the events or omissions giving rise to the claim set forth herein arose there.

### Facts Common to All Counts

9. All conditions precedent to the filing of this action have occurred, have been performed or have been waived.

10. LENNAR has retained the undersigned law firm to represent it in this action and has agreed to pay the firm its reasonable attorney's fees and costs.

11. LENNAR is one of the nation's leading home builders having built homes in 17 states. LENNAR has built numerous homes in a various communities throughout the state of Florida.

12. LENNAR contracted with Alpha & Omega Contractors, Inc. ("A&O"), a subcontractor, to construct and/or provide building materials in connection with the construction of certain homes, including homes at issue in this action. LENNAR required A&O to provide it with certificates of insurance, endorsements, and/or other documents for the purpose of assuring LENNAR that A&O had obtained a policy of comprehensive general liability insurance with broad coverage for operations and completed operations, among other things. Each of the certificates of insurance, endorsements, and/or other documents were required to specifically reflect that LENNAR is named as an additional insured under the policy or policy of comprehensive general liability insurance to which they refer. LENNAR is informed and believes, and thereon alleges, that it was in fact named as an additional insured under the policy issued to A&O and referred to in this Complaint.

13. A&O purchased from Defendant, NAUTILUS, a commercial general liability policy, number C NC 0000499829 for a policy period of November 23, 2005 through August 10, 2006 (the "Policy"). LENNAR is an additional insured on the policy. A copy of the policy that LENNAR obtained from Nautilus is attached hereto as Exhibit "A."

14. A&O supplied and installed drywall in numerous residences for LENNAR. Homeowners of certain of those homes (the "Affected Homes") have claimed they have suffered damages arising out of the operations of A&O, including without limitation, the supply and installation of drywall believed to have been manufactured in China (the "Chinese Drywall"), including without limitation, damage to other property in, at and around the Affected Homes, which damaged property they allege includes but is not limited to, HVAC, electrical and plumbing systems and components, jewelry, furniture, appliances, electronic equipment, clothing

and fixtures, and other property. Such Homeowners have made demand and have otherwise sought to recover damages from LENNAR, as more fully described below.

15. LENNAR properly and timely gave NAUTILUS notice of its damages under the Policy, including the damage to other property in Affected Homes, caused by and arising out of the operations of A&O, including without limitation the supply and installation of the Chinese Drywall.

16. LENNAR made demand upon A&O, as LENNAR's insurer under the additional insured endorsements, to take action to defend and indemnify LENNAR as to the damages to the homes caused by the improper workmanship, materials, and operations of A&O. However, NAUTILUS failed to comply with LENNAR's demand, failed to take measures to resolve any coverage disputes promptly, failed to act with diligence and thoroughness in investigating the facts, and made no efforts to settle the liability claim or to take any action to resolve the claim. Consequently, LENNAR has or is in the process of investigating and/or repairing alleged damage and further acting to defend and protect its interests. Further, LENNAR has sued A&O in Florida State Court for breach of contract, breach of express warranty, and breach of implied warranty based on A&O's failure to repair the damage to the homes and other property in a case styled *Lennar Homes, LLC, et. al. v. Knauf GIPS KG, et. al.,* Case No. 09-07901 (11th Circuit for Miami-Dade County, Fla. Jun 1, 2009).

17. LENNAR has been sued in the Southern District of Florida in three separate class action lawsuits for damages arising out of the installation of the Chinese Drywall in their homes, installed by A&O, and in six class action lawsuits raising similar allegations filed in the Eastern District of Louisiana. The class actions suits were subsequently transferred to the Multi District Litigation pending in the Eastern District of Louisiana, styled *In re Chinese-Manufactured*

*Drywall Products Liability Litigation,* Case No. 2:09-md-02047-EEF-JCW (Judge Eldon E. Fallon). Additionally, homeowners have brought numerous actions against LENNAR in Florida State Courts raising similar allegations (the "State Court Actions"). Certain homeowners have also served LENNAR with statutory notices of claim pursuant to Fla. Stat. §558 raising similar allegations, which for purposes of this pleading are included within the defined term "State Court Actions."

18.     The class actions present causes of action by homeowners for damages arising out of the installation of Chinese Drywall, including but not limited to, alleged damages to other property and alleged bodily injuries arising from the operations of A&O, including without limitation the supply and installation of Chinese Drywall in the homes at issue. The class actions include but are not limited to the following: *Garcia, et. al. v. Lennar Corporation, et. al.,* Case No. 09-20739 (S.D. Fla. March 23, 2009); *Victores, et. al. v. Lennar Homes, LLC, et. al.,* Case No. 09-18414 CA 04 (11th Jud. Cir. for Miami-Dade County, Fla. March 5, 2009, removed to S.D. Fla. July 23, 2009, Case No. 09-22160); and, *de Gamboa, et. al. v. Knauf Gips KG, et. al.,* Case No. 09-21869 (S.D. Fla. July 6, 2009). Copies of the Complaints filed in the Class Actions and the State Court Actions are too voluminous to attach. However, NAUTILUS was provided with copies of the Complaints filed in the Class Actions and the State Court Actions and the Complaints are available in the public records and online.

19.     The homeowners in the Class Actions and the State Court Actions have made allegations indicating, or information is available otherwise, that property damage arising out of A&O's operations potentially occurred during NAUTILUS's policy period.

20.     Pursuant to the terms of the Policy, NAUTILUS has a duty to defend and indemnify LENNAR against any claim alleging "property damage" or "bodily injury" as defined

in the Policy. Plaintiffs in the Class Actions and the State Court Actions have presented causes of action against LENNAR for "property damage" and "bodily injury" as defined in the Policy.

21. LENNAR timely notified NAUTILUS of the Class Actions and the State Court Actions and timely made a claim under the Policy for defense and indemnity in the Class Actions and the State Court Actions, and to pay on behalf of LENNAR any and all necessary investigation, defense, and repair expenses and other covered costs arising out of damage resulting from the operations of A&O, including without limitation the supply and installation of Chinese Drywall by A&O at the Affected Homes (the "Covered Claim"), and has repeatedly demanded that NAUTILUS acknowledge its obligation to pay the Covered Claim. However, NAUTILUS has failed and refused to defend or indemnify LENNAR in any of the Class Actions or the State Court Actions filed against LENNAR. Consequently, LENNAR is defending itself in the Class Actions and the State Court Actions, and is seeking to mitigate its loss by repairing homes with damages from Chinese Drywall. LENNAR has repeatedly demanded, and continues to from time to time demand, that NAUTILUS reimburse LENNAR for its defense costs and advised NAUTILUS that it will seek indemnity for all costs it incurs arising out of A&O's installation of the Chinese Drywall.

22. NAUTILUS has waived any and all coverage defenses that might otherwise be available, if any, to NAUTILUS by virtue of its conduct, including without limitation, NAUTILUS's failure to comply with the provisions of Fla. Stat. §627.426.

23. LENNAR has performed all of its obligations under the Policy except such obligations, if any, the performance of which was prevented, excused, or waived by acts, errors or omissions of NAUTILUS.

24. NAUTILUS has continuously failed and refused to pay the Covered Claim as required by the terms of the Policy and applicable law.  LENNAR has demanded that NAUTILUS confirm coverage for and agree to pay on LENNAR's behalf the necessary defense and/or repair costs and expenses associated with the Covered Claim as NAUTILUS is obligated to do by the terms of the Policy and applicable law.

25. The Covered Claim is not precluded by any provisions or exclusions contained in the Policy and NAUTILUS bears has the burden of proof on all coverage exclusions. NAUTILUS cannot meet its burden that any exclusions apply to bar LENNAR's Covered Claim. NAUTILUS has nonetheless refused to acknowledge, accept or undertake any of its obligations to LENNAR under the Policy.  Instead NAUTILUS has repudiated its obligations to LENNAR, and NAUTILUS's breach of the Policy is continuing.

26. As a result of NAUTILUS's breach of the Policy terms, LENNAR has suffered damages and continues to suffer damages.

27. LENNAR is in doubt as to its rights under the Policy with regard to the Covered Claim and requests judicial declaration of those rights and duties and the duty of NAUTILUS to defend and indemnify LENNAR for the Covered Claim.

## **COUNT I -DECLARATORY JUDGMENT – DUTY TO DEFEND**

28. LENNAR reincorporates paragraphs 1 through 27 above as though fully set forth herein.

29. This is an action for declaratory relief pursuant to 28 U.S.C. §§2201 and 2202 for the purposes of determining an actual controversy between the parties as to NAUTILUS's duty to defend LENNAR under the Policy.

30. A judicial declaration of the rights, duties and obligations of the parties is necessary and appropriate at this time because LENNAR has no plain, speedy or adequate remedy at law.

WHEREFORE, LENNAR respectfully requests that this Court enter a judicial determination declaring that:

a. LENNAR is an additional insured under the Policy;

b. NAUTILUS has a duty to provide LENNAR with a full and immediate defense, and to reimburse LENNAR for all costs and expenses for repair of the Affected Homes, and defense costs (including without limitation attorneys fees, costs, expert fees, investigative costs, and other expenses) incurred by LENNAR in the Class Action lawsuits and the State Court Actions and all other lawsuits involving similar assertions of damage arising out of the supply and installation of Chinese Drywall by A&O; and, further,

c. Granting LENNAR its attorney's fees and costs pursuant to the Policy and/or Fla. Stat. § 627.428, and such other relief the Court deems appropriate.

## COUNT II- DECLARATORY JUDGMENT - DUTY TO INDEMNIFY

31. LENNAR reincorporates paragraphs 1 through 27 above as though fully set forth herein.

32. This is an action for declaratory relief pursuant to 28 U.S.C. §§2201 and 2202 for the purposes of determining an actual controversy between the parties as to NAUTILUS's duty to indemnify LENNAR and pay the Covered Claim under the Policy.

33. A judicial declaration of the rights, duties and obligations of the parties is necessary and appropriate at this time because LENNAR has no plain, speedy or adequate remedy at law.

WHEREFORE, LENNAR respectfully requests that this Court enter a judicial determination declaring that:

a. LENNAR is an additional insured under the Policy;

b. NAUTILUS has a duty to indemnify LENNAR and pay the Covered Claim, including all investigation and defense expenses, all costs and expenses for repair of Affected Homes, all damages assessed against LENNAR in the Class Actions lawsuits and the State Court Actions and all other lawsuits involving damages and alleged injuries arising out of the operations of A&O, including without limitation the supply and installation of Chinese Drywall by A&O, and all other covered costs arising out of the Covered Claim; and,

c. That in light of NAUTILUS's failure to provide Lennar with a defense and refusal to be involved and/or attempt to settle its claim, NAUTILUS has a duty to indemnify LENNAR for all amounts paid in reasonable settlement of any homeowner's claim for damages arising out of the operations of A&O, including without limitation the supply and installation of Chinese Drywall by A&O, including allegations in the Class Action lawsuits and the State Court Actions; and further,

d. Granting LENNAR its attorney's fees and costs pursuant to the Policy and/or Fla. Stat. §627.428, and such other relief the Court deems appropriate.

## COUNT III-BREACH OF CONTRACT

34. LENNAR reincorporates paragraphs 1 through 27 above as though fully set forth herein.

35. NAUTILUS's breaches of its insurance obligations to LENNAR under the Policy include, but are not limited to, the failure and refusal of NAUTILUS to do one or more of the following:

   a. Adequately respond to the tenders of defense and other correspondence from LENNAR;

   b. Adequately investigate the allegations made in the Class Actions, the State Court Actions, and other homeowners' allegations of damages to the Affected Homes;

   c. Provide a timely, complete, and conflict-free defense to LENNAR;

   d. Reimburse LENNAR for attorneys' fees and other defense costs associated with the investigation and defense of the Class Actions and the State Court Actions, and for LENNAR's investigation and repair costs incurred on and with respect to the Affected Homes;

   e. Make any effort to settle or otherwise resolve the liability claim; and,

   f. Provide LENNAR coverage for the Covered Claim.

36. All coverage defenses have been waived by NAUTILUS's conduct in connection with the matters alleged herein.

37. As a result of NAUTILUS's breach of the Policy terms, LENNAR has suffered damages and continues to suffer damages.

WHEREFORE, LENNAR respectfully requests that this Court enter a final judgment against NAUTILUS for damages, attorneys' fees and costs pursuant to the Policy and Fla. Stat. § 627.428, and for all other relief that the Court deems appropriate.

## DEMAND FOR JURY TRIAL

LENNAR hereby demands a trial by jury on all issues so triable.

>BARNETT, BOLT, KIRKWOOD,
>LONG & MCBRIDE
>
>
>s/ Charles A. Carlson
>Thomas G. Long
>Florida Bar No. 367321
>Charles A. Carlson
>Florida Bar No. 716286
>Amy E. Stoll
>Florida Bar No. 150959
>601 Bayshore Boulevard, Suite 700
>Tampa, FL 33606
>Telephone (813) 253-2020
>Fax (813) 251-6711
>
>Attorneys for Lennar Corp., Lennar Homes, LLC
>and U.S. Home Corp.