UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:  1:10-cv-21909

**LENNAR CORPORATION**, a Florida
Corporation, **LENNAR HOMES, LLC** f/k/a
Lennar Homes, Inc., a Florida limited
liability company and **U.S. HOME
CORPORATION**, a Delaware corporation,
     Plaintiffs,

vs.

**NAUTILUS INSURANCE COMPANY**,
an Arizona corporation,
     Defendant.

**NAUTILUS INSURANCE COMPANY'S REPLY TO LENNAR'S OPPOSITION TO
NAUTILUS INSURANCE COMPANY'S MOTION TO DISMISS WITH PREJUDICE**

**NAUTILUS INSURANCE COMPANY** replies to Lennar Homes, Inc.'s Memorandum of Law in Opposition to Nautilus Insurance Company's Motion to Dismiss with Prejudice (DOC 15) and says:

**The 39 Plus Lawsuits that Lennar Failed to Name, Reference, Identify or Attach to its Complaint Do Not Precluded Dismissal For failure to State a Cause of Action.**

1. Declaratory judgment actions by an insured against an insurer necessarily revolve around the insured's demand for a declaratory judgment that the insurer owes or owed the insured a defense and indemnity for claims made against the insured in a lawsuit by a claimant. Typically the claimant's lawsuit is referred to as the underlying suit.  In order to state a claim for declaratory relief, the insured must identify the underlying claim and allege that the policy issued by the insurer to the insured provides coverage for the claims made against the insured in the underlying lawsuit.  Since the claim is based upon the policy and the

underlying lawsuit, the underlying lawsuit and policy must be identified and referenced in the complaint, and those documents should be attached to the complaint too.

2. Here, the Lennar entities allege that they are insured under an insurance policy issued by Nautilus Insurance Company, that Nautilus Insurance Company's policy provides tem with a defense and indemnity to the underlying lawsuits filed by *Lorena Ga*rcia, *Didio Victores* and *Hernan de Gamboa* in the Chinese drywall litigation and that Nautilus Insurance Company breached its contract by failing to fulfill its policy obligations.

3. The complaint does not name, identify or reference any other lawsuits, and no other lawsuits are attached or referenced in the complaint.

4. Now, in an effort to avoid dismissal, Lennar tells the court that it is really seeking a declaratory judgment declaring that Nautilus Insurance Company owes Lennar a duty to defend and indemnify an undetermined number of lawsuits **that have not yet been filed** as well as a duty to defend and indemnify Lennar against the claims made in some 39 plus lawsuits that Lennar has not named, identified, referenced or attached its complaint.

5. Lennar has not sought leave to amend its complaint to plead coverage for those purported 39 plus lawsuits, nor has Lennar identified or attached those 39 lawsuits to its opposition to Nautilus' motion to dismiss.[1]

6. Since Lennar has failed and/or refused to name, identify or disclose the additional 39 plus claims upon which its complaint for declaratory relief is purportedly based, and since it is clear on the record before the court that there is no insurance coverage for the 3 underlying lawsuits identified and referenced by Lennar in its complaint, and since Lennar has not sought leave to amend to identify and attach the 39 plus lawsuits it now says are part of this

---

[1] We believe this indicates that Lennar recognizes that the purported 39 other lawsuits do not aid it in its quest for coverage.

declaratory judgment action, dismissal is proper for the reasons set forth in Nautilus Insurance Company's Motion to Dismiss with Prejudice (DOC 13).

**Reformation of the Policy is not Warranted and Would not Change the Fact that There is no Coverage for the Chinese Drywall Claims Against Lennar Homes, LLC and U.S. Home Corporation.**

7. While we will address this issue more completely in our response to Lennar's Motion for Leave to Amend (DOC 16), it is important to note that whether Lennar Homes, LLC and U.S. Home Corporation Lennar are additional insured's is irrelevant because the policy does not provide coverage for the underlying lawsuits.

**Florida Law Controls, Not California's.**

8. Lennar's effort to create a justiciable issue by arguing, at footnote 1, that California law may apply is just plain wrong.

9. Where the applicable law is not pled or argued, the court will apply the law of the form in which the case is filed. *See Topp, Inc. v. Uniden Am. Corp.,* 483 F.Supp.2d 1187, 1189 (S.D.Fla.2007) (concluding in contract dispute that, "because the parties failed to consider the choice of law in this diversity case, we must presume that the substantive law of the forum [Florida] controls.") (*quoting Int'l Ins. Co. v. Johns,* 874 F.2d 1447, 1458 n. 19 (11th Cir.1989)); *see also Munnings v. FedEx Ground Package Sys., Inc.,* No. 6:07-cv-282-Orl-KRS, 2008 WL 1744779, at *3 n. 2 (M.D.Fla. April 11, 2008) (applying Florida law to contract claim where parties briefed Florida law exclusively without reference to Pennsylvania choice of law provision); *Marine Envtl. Partners, Inc. v. Johnson,* 863 So.2d 423, 426 (Fla. 4th Dist.Ct.App.2003) (same).

10. Lennar has not pled the applicability of California law, not has Lennar shown that under California law the result reached should be any different. Since it hasn't, Lennar has waived

3

any argument that California law should be applied.

**On the Face of the Complaint and the Chinese Drywall Lawsuits Underlying Lennar's Demand for Coverage, it is Clear that Lennar is not Entitled to the Declaratory Judgment It Seeks.**

11. Lennar wrongly states that the court may not determine from the face of the complaint, the policy's endorsements and the underlying lawsuits that Lennar is not entitled to a defense and indemnity.

12. Florida law clearly states that "the applicability of policy exclusions contained in a policy attached as an exhibit may be raised by a motion to dismiss when the allegations of the complaint clearly show that the exclusions do apply." *Florida Farm Bureau General Ins. Co. v. Insurance Co. of North America*, 763 So. 2d 429, 432 (Fla. 5th DCA 2000). *See and compare, Eastpointe Condominium I v. Travelers*, 664 F.Supp.2d 1281, 1286 (S.D. Fla. 2009).

13. Contrary to Lennar's argument, the court may decide this case by applying the terms of the policy to the undisputed facts. *Id.*

**This is a Dismissal Case, the Court Need Not Wait for Summary Judgment to Make its Decision.**

14. Lennar's demand for a defense is governed solely by the allegations contained in the underlying lawsuits, and it is only entitled to indemnity against liability that is covered by the policy.

15. As we have shown in great detail in Nautilus' motion to dismiss, the underlying lawsuits do not allege covered claims. This is so because the policy does not contain completed operations coverage, and pollution damages are not covered either.

16. Contrary to Lennar's argument, discovery will not change the facts and it will not change the policy language. Given this, the court need not wait until summary judgment to enter

4

judgment in this case.

**The Duty to Defend is Determined Solely by the Allegations of the Underlying Lawsuit Against the Insured and Where the Underlying Lawsuit Does Not Allege a potentially Covered Claim, There is No Duty To Defend.**

17. An insurer's duty to defend is based entirely "on the facts and legal theories alleged in the pleadings and claims against the insured." *James River Ins. Co. v. Ground Down Engineering, Inc.,* 540 F.3d 1270, 1275 (11th Cir.2008). It does not hinge on the true facts that gave rise to the cause of action against the insured, the insured's version of those facts, or the insured's defenses to the underlying complaint. *State Farm Fire & Cas. Co. v. Steinberg,* 393 F.3d 1226, 1230 (11th Cir.2004). Moreover, "the duty to defend is based on the complaint and facts known to the insurer at the time of tender: Once the insurer determines there is no potential for coverage, it does not have a continuing duty to investigate or monitor the lawsuit to see if the claimant later made some new claim not found in the original suit." *Eastpointe Condominium I v. Travelers*, 664 F.Supp.2d 1281, 1286 (S.D. Fla. 2009). Finally, where the pleadings show the applicability of a clear and unambiguous policy exclusion, the insurer has no duty to defend. *Andrews v. Capacity Ins. Co.,* 687 So.2d 366 (Fla. 4th DCA 1997); *Hagen v. Aetna Cas. & Sur. Co.,* 675 So.2d 963 (Fla. 5th DCA 1996); Travelers Ins. Co. v. Emery, 579 So.2d 798 (Fla. 1st DCA 1991).

18. As further explained in our motion to dismiss, the underlying lawsuits fail to allege covered claims. Given this, Lennar is not entitled to a declaration that it is entitled to a defense under the policy issued by Nautilus to Alpha& Omega Contractors.

**The Underlying Lawsuits Can Only Be Based on the Claimants Period of Ownership.**

19. Lennar does not dispute that it is a developer who built and sold homes to people that have sued Lennar for selling them homes containing Chinese drywall.

20. Under Florida law a property owner may not sue for damage to property prior to ownership. In order to sue for damage to the property prior to ownership, the present owner must expressly allege assignment of the prior owner's causes of action.

> Where the cause of action arises out of an injury to property, that action is personal to the owner of the property and a party who subsequently takes title to the property, without receiving an assignment of that cause of action, may not pursue that cause of action. *See Selfridge*; *Florida Power*. In order to pursue a cause of action the subsequent purchaser of the property must allege that they became owner of the property after the damage was done and "that by assignment, he became possessed of all rights and causes of action which the original owners possessed." *Bender*, 2 So.2d at 299.

*Ginsberg v. Lennar*, 645 So. 2d at 496.

21. The underlying lawsuits only allege claims based upon the present owner's damages - - it is not alleged that claimants have taken assignment of the prior owner's claims.

22. Given this, the Chinese drywall claimants' cause of action against Lennar could not have accrued prior to their ownership and could not accrue until after Lennar had completed its operations and sold the home to claimant.

23. Nautilus' policy does not provide completed operations coverage to Lennar - - since it doesn't, there is no coverage for the claims made in the underlying lawsuits against Lennar.

24. Moreover, Lennar's convoluted effort to create a trigger or manifestation point during its ongoing operations fails because the Chinese drywall claimants' cause of action against Lennar could did not accrue prior to their ownership.

25. As a matter of law the completed operations language in the policy eliminates coverage for any claim against Lennar by any homeowner because those claims did not accrue until after Lennar had complete its operations, i.e, finished building the house.

**Under Florida Law the Policy's Pollution Exclusion is Clear, Unambiguous and Enforceable.**

26. Lennar suggests that the Court should ignore well settled precedent from Florida's Supreme Court, and this District's and find that the pollution exclusion contained in Nautilus' policy does not apply in this case.

27. We remind Lennar that this is a diversity action, that Florida law controls, and that Florida courts and this District have repeatedly held the same pollution exclusion contained in Nautilus' policy to be clear, unambiguous and enforceable.  We also remind Lennar that the applicability of the exclusion is a question of law to be decided by the court on motion to dismiss where the allegations of the complaint make it clear that the exclusion applies.  We further remind Lennar that the court should, despite Lennar's failure to attach the underlying lawsuits to its complaint, review the underlying lawsuits and consider same because they are referenced in the complaint and attached to Nautilus' motion to dismiss.

28. It is clear from the face of Lennar's complaint and the underlying lawsuits referenced therein that all of the underlying claimants' damages were caused by pollutants and that damages caused by pollutants are not covered by the Nautilus' policy.

29. The court should ignore Lennar's suggestion that it may rule contrary to Florida law and this District's precedents.

**Reforming the Policy to Name Lennar Homes, LLC and U.S. Home Corporation as Additional Insured's Does Not Change the Fact that Dismissal For Failure To State a Cause of Action is Proper in this Case.**

30. Lennar Homes, LLC and U.S. Home Corporation are not additional insured's on Nautilus' policy.

31. Making Lennar Homes, LLC and U.S. Home Corporation additional insured's on Nautilus' policy does not change the fact that the policy does not provide completed operations

coverage for the claims made against Lennar Homes, LLC and U.S. Home Corporation in the underlying lawsuits

32. Making Lennar Homes, LLC and U.S. Home Corporation additional insured's on Nautilus' policy does not change the fact that there is no coverage for the pollution damages alleged against Lennar Homes, LLC and U.S. Home Corporation in the underlying lawsuits.

33. Making Lennar Homes, LLC and U.S. Home Corporation additional insured's on Nautilus' policy does not change the fact that Nautilus does not owe Lennar Homes, LLC or U.S. Home Corporation a defense or indemnity against the claims made in the underlying lawsuits.

34. The complaint must be dismissed because - -

- The policy issued by Nautilus to Alpha & Omega does not provide an additional insured with insurance coverage after Alpha & Omega has completed its work for the additional insured and the only damages sought by the claimants in the underlying lawsuits are those incurred during their ownership of the property;

- The damages sought in the underlying lawsuits are bodily injury and property damage resulting from the actual, discharge, dispersal, seepage, migration, release or escape of pollutants, and the policy expressly excludes coverage for "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants";

- There is no duty to defend Plaintiffs' in the underlying lawsuits because the allegations made in the underlying lawsuits do not allege damages covered by the policy; and

35. The dismissal must be with prejudice because there is no set of facts that Lennar can honestly plead showing that the policy of insurance issued by Nautilus Insurance Company

8

to Alpha & Omega Contractors, Inc. provides a coverage to Lennar for the claims made in the underlying lawsuits.

**WE CERTIFY** that that the foregoing instrument was electronically filed with the U.S. District Court through the ECF filing system and that all parties to the above cause were served via the ECF filing system on September 30, 2010.

> By: /s/ Charles M-P George
> **CHARLES M-P GEORGE**
> Florida Bar Number: 996718
> Fullerton George, LLP
> 2000 Ponce de Leon Boulevard
> Suite 501
> Coral Gables, Florida 33134
> Telephone: 305-421-6391
> Email: CGeorge@FullertonGeorge.com